# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL ANTHONY DAVIS and JANICE CARVER DAVIS, ) ) ) | |
| Plaintiffs ) | |
| v. ) ) | No. 3:14-0764 |
| SAMUNKA PATEL, ) PINAL PATEL and ) MANISH KUMAR PATEL, ) Individually and d/b/a ) REST HAVEN MOTEL, ) ) | Judge Nixon/Brown Jury Demand |
| Defendants ) | |

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d)(2), the following Initial Case Management Plan is **adopted**.

1. Status of Service of Process: Service of process has been completed.

2. Status of Responsive Pleadings: Defendants have not responded to the Complaint as counsel has only recently been retained. Defendants shall respond by **June 3, 2014**.

3. Jurisdiction: The parties agree that the Court has jurisdiction under 28 U.S.C. § 1331. Defendants dispute that they are covered under the FLSA under either enterprise or individual coverage.

4. (a) Plaintiffs' Theory of the Case: Plaintiffs were employed by defendants to operate, clean and maintain their motel. Plaintiffs worked the front desk at defendants' motel, cleaned rooms and did laundry at defendants' motel and provided maintenance, repair and upkeep at defendants' motel continuously from August 2012 until they voluntarily terminated their employment with defendants in early March 2014. During the entire time of their

employment with defendants, defendants never paid plaintiffs but instead only provided a rent reduction to them for living onsite in a trailer on defendants' premises. During their employment with defendants, plaintiffs consistently worked more than fourteen hours per day, seven days per week but were not paid minimum wage or overtime pay as required by the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"). Defendants violated the recordkeeping provisions of the FLSA by failing to keep records of the number of hours worked by plaintiffs. Defendants' actions in failing to compensate plaintiffs properly in violation of the FLSA were willful and not in good faith. As a result of defendants' failure to comply with the FLSA, defendants are liable to plaintiffs for backpay in the form of minimum wage for all time plaintiffs worked as well as overtime pay, liquidated damages and/or prejudgment interest and an award of attorneys' fees.

    (b) <u>Defendants' Theory of the Case</u>: Plaintiffs at all times were appropriately compensated for their alleged services. Defendant Rest Haven Motel is not a covered entity under either the enterprise or individual coverage theories of the FLSA, as the motel generated far less than $500,000 in revenue in the previous 12 months, and the Plaintiffs did not work or handle goods or services in interstate commerce. The individual defendants are not proper parties under the FLSA.

  5. <u>Identification of Issues</u>: The following issues have been resolved: service of process, subject matter jurisdiction, and venue. All other issues relating to liability and damages are in dispute, including whether the Defendants are covered under the FLSA.

  If the Defendants are not covered FLSA the case is over. After discussion with the parties it appears that the most efficient and economical way to proceed would be to allow the parties to

engage in discovery, limited to the coverage issue only. Such discovery shall be completed by **August 22, 2014**.

No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with the Magistrate Judge.

The Defendants should file a motion for summary judgment on the issue of coverage under the FLSA on or before **September 22, 2014**. Responses will be due **21 days** thereafter, and replies, if any, limited to **five pages**, will be due **seven days** after any response. If dispositive motions are filed early, the response and reply dates are moved up accordingly.

6. Need for Additional Claims: At this time, the parties do not anticipate a need for any counterclaims, cross-claims, third-party claims, amended pleadings, joinder of parties or claims, or class certification, or the need for resolution of any issues arising from Rules 13-15, 17-21, or 23 of the Federal Rules of Civil Procedure. Plaintiffs may seek to amend their Complaint in accordance with the Federal Rules of Civil Procedure, if appropriate, following some discovery. The deadline for filing motions to amend the pleadings is **August 18, 2014**.

7. Rule 26(a)(1) Disclosures: Rule 26(a)(1) Disclosures: The parties shall make their Rule 26(a)(1) disclosures on or before **June 20, 2014.**

Other proceedings in the matter are stayed pending a resolution of the FLSA coverage issue. The parties will notify the Magistrate Judge within **five days** of the decision by Judge Nixon on that issue, and the Magistrate Judge will set a scheduling order and request a trial date for the matter should the motion for summary judgment be denied.

It is so ORDERED.

    /s/    Joe B. Brown
Joe B. Brown
United States Magistrate Judge