IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL ANTHONY DAVIS and JANICE CARTER DAVIS, | ) ) ) | |
| Plaintiffs, | ) ) ) | No. 3:14-cv-00764 |
| v. | ) ) | Senior Judge Haynes/ Magistrate Judge Brown |
| SAMUNKA PATEL, PINAL PATEL, and MANISH KUMAR PATEL, individually and d/b/a, REST HAVEN MOTEL, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

To: The Honorable William J. Haynes, Jr., Senior United States District Judge

**REPORT AND RECOMMENDATION**

Before the court is Defendants' motion for summary judgment with a supporting memorandum and a statement of undisputed material facts filed October 22, 2014 (Docs. 20; 21; and 22). For the reasons explained below, the Magistrate Judge **RECOMMENDS** that Defendants' motion for summary judgment (Doc. 20) be **GRANTED**.

I.   BACKGROUND

Plaintiffs are Tennessee residents (Doc. 1, p. 1). From around August 2012 to February 2014,[1] Plaintiffs were tenants at the Rest Haven Motel (Motel) (Docs. 1, p. 2; 21, p. 1). Motel is a 15-room motel located in the Middle District of Tennessee and is an unincorporated, sole proprietorship owned and operated by the Patel family since 1992 (Doc. 21, p. 1). In August or September 2012,[2] Plaintiffs began to work at the Motel to help offset the cost of rent (Docs. 1, p.

---

[1] This is undisputed for purposes of ruling on the motion for summary judgment (Doc. 38, p. 1).

[2] In their complaint, Plaintiffs allege that they worked for the Motel starting in August 2012 and ending in early March 2014 (Doc. 1, p. 2), while Defendants, in their motion for summary judgment, contend that Plaintiffs

2; 21, p. 3). Over the course of their tenancy, Plaintiffs performed various housekeeping and maintenance duties and at times staffed the front desk (Docs. 1, p. 2; 21, pp. 1, 3-5).

Plaintiffs bring this action under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201-219, claiming that Defendants failed to sufficiently compensate Plaintiffs for their work at the Motel according to the minimum-wage and overtime provisions of the FLSA, 29 U.S.C. §§ 206-207. Plaintiffs sue to recover unpaid wages in the form of back pay and overtime pay, liquidated damages and/or prejudgment interest, attorneys' fees, and any other discretionary costs under FLSA (Doc. 1, pp. 4-5). The District Judge referred this action to the Magistrate Judge on October 31, 2014 (Doc. 31). Defendants argue that they are entitled to summary judgment because the FLSA is inapplicable. (Doc. 21, p. 6). Plaintiffs filed responses in opposition to Defendants' motion and to Defendants' statement of undisputed facts on November 26, 2014 (Docs. 34; 38), and Defendants filed responses to both of these additional documents on December 8, 2014 (Docs. 41; 42). Therefore, the matter is now properly before the Court.

## II. LEGAL STANDARD

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.01, Defendants move the court for summary judgment in their favor on Plaintiffs' claims. A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

The party moving for summary judgment bears the burden of showing conclusively that no genuine issue of material fact exists. *See CenTra, Inc. v. Estrin*, 538 F.3d 402, 412 (6th Cir. 2008). Once the moving party has met its burden of production, the nonmoving party must go

---

requested work to offset their rent beginning in September 2012 and ending when they left the Motel without notice in February 2014 (Doc. 21, p. 3, 6).

beyond the pleadings and present "significant probative evidence" of a genuine dispute, such as by citing to affidavits or declarations, in order to defeat the motion for summary judgment. *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); FED. R. CIV. P. 56(c). When applying the summary judgment standard, the court must view all materials supplied in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To the extent that there remain some factual disputes, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### III.     ANALYSIS

This action is before the court on the basis of federal-question jurisdiction, 28 U.S.C. § 1331, as Plaintiffs bring their claim under the FLSA, 29 U.S.C. §§ 201-219. In order to succeed under the FLSA, Plaintiffs must show that their claim is covered under the FLSA's minimum wage and overtime provisions, 29 U.S.C. §§ 206-207. These provisions of the FLSA apply to every employee "who in any workweek is engaged in commerce or in the production of goods for commerce" or "is employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §§ 206(a), 207(a). Hence, Plaintiffs must show either that the Motel is a covered enterprise under the FLSA (enterprise coverage) or that they are covered employees under the FLSA (individual coverage). *See Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 295 n.8 (1985). This Report and Recommendation separately considers these theories of liability and finds that Defendants show an absence of evidence to support Plaintiffs' claims.

### A.     Enterprise Coverage Under the FLSA

Under the FLSA, an " '[e]nterprise engaged in commerce or in the production of goods for commerce' means an enterprise that . . . has employees engaged in commerce or in the production of goods for commerce . . . ; *and* . . . is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)." 29 U.S.C. § 203s(1)(A) (emphasis added). Hence, in order to be a covered enterprise under the enterprise theory of liability, the Motel must have at least $500,000 in gross annual revenue.

Defendants submit that the Motel did not have gross annual revenues of $500,000 during 2012 or 2013 (the years of Plaintiffs' tenancy at the Motel) or in any year of its existence (Docs. 21, p. 7; 22, p. 5). Plaintiffs do not dispute this fact (Doc. 38, p. 5). There is no genuine issue of material fact as to whether the Motel is a covered enterprise under the FLSA; it is not. Therefore, as to enterprise coverage under the FLSA, Plaintiffs' claims fail as a matter of law.

### B.     Individual Coverage Under the FLSA

Since the enterprise coverage theory is unavailable, Plaintiffs must show that they are covered individuals under FLSA, or, in other words, that they were employees at the Motel who were either: (1) engaged in the production of goods for commerce or (2) engaged in commerce. *See* 29 U.S.C. §§ 206(a), 207(a). The FLSA defines "commerce" as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b). Under this theory of liability, it is not important whether the employer is engaged in interstate commerce; "[i]t is the work of the employee which is decisive." *McLeod v. Threlkeld*, 319 U.S. 491, 497 (1943).

### 1.     Production of Goods for Commerce

The FLSA defines "goods" as "goods (including ships and marine equipment), wares, products, commodities, merchandise, or articles or subjects of commerce of any character, or any part or ingredient thereof . . . ." 29 U.S.C. § 203(i). The definition explicitly excludes "goods after their delivery into the actual physical possession of the ultimate consumer thereof other than a producer, manufacturer, or processor thereof." 29 U.S.C. § 203(i). In addition, the FLSA deems an employee to have been engaged in the "production of goods" if the employee was employed in "producing, manufacturing, mining, handling, transporting, or in any other manner working on such goods . . . ." 29 U.S.C. § 203(j).

Plaintiffs argue that they produced goods for interstate commerce when they "checked in interstate guests, assisted interstate guests by providing directions to and around the Motel, laundered interstate guests' sheets and cleaned rooms for interstate guests of Defendants' Motel . . . ." (Doc. 38, p.3). Even if these facts are presumed to be true, however, interstate guests of the Motel are not "goods" under the FLSA, and, therefore, the Plaintiffs' services to interstate guests do not qualify as even the "handling" of "goods" for commerce. Any goods that Plaintiffs used during housekeeping, maintenance, or front desk duties had already reached their ultimate consumer (the Motel) and do not qualify as goods for commerce under the FLSA. Plaintiffs never sold any goods to customers of the Motel. Hence, if Defendants are covered under the FLSA, it would be because the Plaintiffs "engaged in commerce" through the nature and frequency of the services that they performed for the Motel. However, the Magistrate Judge finds that Plaintiffs are not so covered.

## 2.     Engaged in Commerce

A determination of whether the Plaintiffs engaged "in commerce" requires a detailed look at Plaintiffs' work and "is determined by practical considerations, not by technical conceptions." *Mitchell v. C.W. Vollmer & Co.*, 349 U.S. 427, 429 (1955) (citation omitted). The U.S. Supreme Court has established that the phrase "engaged in commerce" under the FLSA, though not "coextensive with [Congress's] power to regulate commerce,"[3] should be "construed liberally to apply to the furthest reaches consistent with congressional direction." *Mitchell v. Lublin, McGaughy & Associates*, 358 U.S. 207, 211 (1959). When the case involves an instrumentality or facility of interstate commerce, the test of whether a plaintiff is engaged in commerce "is whether the work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity." *Mitchell v. C.W. Vollmer & Co.*, 349 U.S. at 429 (citation omitted); *See also Mitchell v. Owen,* 292 F.2d 71, 77 (6th Cir. 1961).

Although hotels and motels are not generally considered to be instrumentalities or facilities of interstate commerce, the U.S. Supreme Court has held that they are "enterprises having a direct and substantial relation to the interstate flow of goods and people." *Heart of Atlanta Motel, Inc. v. United States*, 379 U.S. 241, 250 (1964). As such, the test for whether a hotel or motel employee was engaged in commerce involves considering the relationship of the employee's work to the functioning of the hotel or motel. This Court has applied the test of whether a plaintiff is engaged in commerce in a case involving a "swingers" club in Nashville, TN. *See Gulden v. Menages, Inc.*, No. 3:14-CV-1041, 2014 WL 4232791, at *3 (M.D. Tenn.

---

3 That is, in the FLSA context, "commerce" does not extend to all of the activities subject to constitutional power of Congress over interstate commerce. *See, e.g.*, *Mitchell v. Welcome Wagon, Inc.*, 139 F. Supp. 674, 678 (W.D. Tenn. 1954) *aff'd sub nom. Mitchell v. Welcome Wagon, Inc.*, 232 F.2d 892 (6th Cir. 1956).

Aug. 25, 2014). The Fifth Circuit has applied the test in a case involving motel employees. *See Sobrinio v. Med. Ctr. Visitor's Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007).

The Magistrate Judge will apply the test of whether Plaintiffs were engaged "in commerce." "Although there is no '*de minimus* requirement' . . . , the work itself must be 'entwined with the continuous stream of interstate commerce.' " *Sontay v. Hin's Garden,* No. H:13-CV-3721, 2014 WL 6722507, at *4 (S.D. Tex. Nov. 26, 2014) (quoting *Marshall v. Victoria Transp. Co.,* 603 F.2d 1122, 1125 (5th Cir. 1979)).

> In [*Sobrinio v. Medical Center Visitor's Lodge*]*,* the Fifth Circuit held that a motel employee whose duties included chauffeuring guests was not engaged in interstate commerce because the work was not 'entwined with a continuous stream of [interstate] commerce' . . . . In contrast, the Fifth Circuit held in [*Marshall v. Victoria Transp. Co., Inc.,*] that bus drivers whose routes were 'within walking distance of the bridge that connects Texas to Mexico' were engaged in interstate commerce because 'transporting persons making international journeys was a regular, recurring, and substantial part' of their work . . . . [These cases] indicate that ***a plaintiff attempting to establish individual coverage under the FLSA must demonstrate a direct and substantial involvement with interstate commerce.***

*Shorts v. Primeco Auto Towing, L.L.C.,* No. CIV.A. H-13-2794, 2014 WL 3670004, at *2 (S.D. Tex. July 22, 2014) (emphasis added) (quoting *Sobrinio*, 474 F.3d at 829; *Marshall*, 603 F.2d at 1125.

The Magistrate Judge notes that in a nonbinding opinion letter, the Department of Labor stated that employees "who regularly handle interstate mail and telephone calls, engage in banking or credit card transactions, or receive or handle goods or materials from or destined for out-of-state sources" are individually covered under the FLSA because they are engaged in interstate commerce. Opinion Letter, FLSA, 1999 WL 1002373, at *1. The Department of Labor also stated in a nonbinding interpretative bulletin that "employees whose work involves the continued use of the interstate mails, telegraph, telephone or similar instrumentalities for

communication across State lines are covered by the Act." 29 C.F.R. § 776.10(b). The Department of Labor clarified, however, that:

> This does not mean that any use by an employee of the mails and other channels of communication is sufficient to establish coverage. But if the employee, as a ***regular and recurrent*** part of his duties, uses such instrumentalities in obtaining or communicating information or in sending or receiving written reports or messages, or orders for goods or services, or plans or other documents across State lines, he comes within the scope of the Act as an employee directly engaged in the work of 'communication' between the State and places outside the State.

29 C.F.R. § 776.10(b)(emphasis added). Ultimately, "[t]he test under [the FLSA], to determine whether an employee is engaged in commerce, is not whether the employee's activities affect or indirectly relate to interstate commerce but whether they are actually in or so closely related to the movement of the commerce as to be a part of it." *McLeod*, 319 U.S. at 497. Plaintiffs' activities herein include housekeeping, maintenance, and front desk duties.

### i. Housekeeping and Maintenance Duties

It is undisputed that Plaintiffs cleaned Motel rooms, laundered items, swept the parking lot, and performed maintenance work (Doc. 38, p. 2). Plaintiffs also assert that they traveled to local hardware stores with Defendants to purchase supplies for the Motel and argue that these goods traveled in interstate commerce (Doc. 38, p. 4).

However, employees engaged in a janitorial capacity are not considered to be performing work that is so closely related to the commerce of a motel as to be a part of it. *See Sobrinio,* 474 F.3d at 830 (finding that plaintiff's work as a janitor and security guard as well as his driving motel guests to and from local destinations did not show engagement in interstate commerce).[4]

---

[4] *See also McLeod*, 319 U.S. at 497 (cooking and providing meals to maintenance-of-way employees of an interstate carrier is too remote from interstate commerce); *Rosenberg v. Semeria*, 137 F.2d 742, 744 (9th Cir. 1943) (cleaning a bank is not so closely related to the commerce of the bank to be a part of it); *Wirtz v. B. B. Saxon Co.*, 365 F.2d 457, 462 (5th Cir. 1966) (cleaning buildings that house those who work on a military base is not covered); *Duran v.*

Also, using goods that have traveled in interstate commerce is not sufficient to change engagement in local activity to engagement in interstate commerce.[5] Succinctly, "handlers of goods for a wholesaler who moves them interstate on order or to meet the needs of specified customers are in commerce, while those employees who handle goods after acquisition by a merchant for general local disposition are not." *McLeod*, 319 U.S. at 494. Here, Defendants were not handlers of goods for a wholesaler. Finally, the fact that "many of the motel guests were out-of-state does not alter the local quality of [the employees'] work. [Their] activities took place outside the stream of travel, after [motel] guests arrived from out-of-state and before they began their departure journeys." *Sobrinio,* 474 F.3d at 830.

Therefore, the Magistrate Judge finds an absence of any dispute as to whether Plaintiffs' housekeeping and maintenance activities qualify them as engaged in commerce under the FLSA; the activities as alleged do not.

### ii. Front Desk Duties

The following facts are undisputed: Plaintiffs staffed the front desk, where they registered new guests, provided guests with room keys, directed guests to rooms, and helped guests with directions in the local area (Doc. 42, p. 3). Although Plaintiffs may have spoken with out-of-state persons over the phone, they never conducted business over the phone as the Motel does not

---

*Wong*, No. 4:11-CV-3323, 2012 WL 5351220, at *3 (S.D. Tex. Oct. 23, 2012) (washing dishes, cleaning, and performing other manual labor for a restaurant is insufficient to establish coverage under the FLSA).

5 *See, e.g.*, *Joles v. Johnson Cnty. Youth Serv. Bureau, Inc.*, 885 F. Supp. 1169, 1179 (S.D. Ind. 1995) ("The food and supplies the plaintiff obtained as part of her duties to care for the residents of the defendant's group home were purchased at local retailers by selecting the items off the shelves. . . . When the goods reached the local retailers, their interstate journey had ended; their further movement by the plaintiff to the defendant's facility did not constitute interstate commerce."); *Russell v. Cont'l Rest., Inc.*, 430 F. Supp. 2d 521, 526-27 (D. Md. 2006) ("Even Plaintiff concedes that any goods she handled 'ultimately found their way to [the restaurant] where they were served to, or utilized by, customers.' Her handling of these goods did not move the goods interstate. Rather, Plaintiff handled these goods after [the restaurant] purchased them for local distribution."); *Collado v. Florida Cleanex, Inc.*, 727 F. Supp. 2d 1369, 1373 (S.D. Fla. 2010) ("[The employee] did not work for an instrumentality of interstate commerce, but for a local cleaning company. And the locally-purchased cleaning products which he regularly used are not instrumentalities of interstate commerce regardless of their origin.").

allow guests to book or reserve rooms over the phone (Doc. 38, p. 4). Plaintiffs also never used the internet for any work-related purpose, never sent any mail on behalf of the Motel, and never used any interstate transportation (Doc. 38, pp. 3-4).

What is in dispute is the frequency and extent of the front desk duties: Plaintiffs allege that they staffed the front desk on a "frequent basis" (Doc. 38, p. 5), while Defendants allege that Plaintiffs monitored the front desk "on average, a few times each month for, on average, a few hours each time" (Doc. 22, p. 4). It is also disputed whether Plaintiffs had any telephone communications with out-of-state guests (Doc. 38, p. 4). Plaintiffs also allege that they assisted guests by helping them arrange travel plans for out-of-state travel and that they processed credit and debit card transactions when checking guests into the Motel (Doc. 38, p. 6). In response, Defendants allege that any travel assistance to guests was outside the Plaintiffs' assigned duties and that Plaintiffs did not and could not process credit and debit card transactions as Defendants never gave Plaintiffs the necessary pin code (Doc. 42, p. 3).

Here, the number of out-of-state guests alone would not transform otherwise local activity into interstate commerce. *See Sobrinio,* 474 F.3d at 830. However, the number of out-of-state guests is material in light of Plaintiffs' claims that they "frequently and regularly" worked at the front desk. (Doc. 38, p. 2). Plaintiffs cite the guest registration cards that Defendants submit and cite the specific page numbers at which out-of-state guest registrations appear. (Doc. 38, p. 6). Yet, this evidence shows that, at most, Plaintiffs would have interacted with twenty-seven out-of-state guests, or five percent of the Motel guests during the relevant time period (Docs. 24-26; 42, p. 2). Even assuming that Plaintiffs communicated with and provided assistance or travel planning to each of these guests, interaction with five percent of the Motel's guests is far from enough to constitute a substantial, regular, continued, or recurrent part of

10

Plaintiffs' duties that would establish individual coverage under the FLSA. This Court has previously held that employees who produced goods for a corporation were not engaged in interstate commerce where the corporation's out-of-state sales were simply too small; only about one and a half percent of goods over a fifteen year period were shipped to purchasers outside of Tennessee. *See Hooks v. Nashville Breeko Block & Tile Co.*, 39 F. Supp. 369, 369-71 (M.D. Tenn. 1941). Here, the out-of-state contact alleged is small and even more speculative.

This leaves the issue of whether Plaintiffs' purported credit card transactions would qualify them for individual coverage. The Eleventh Circuit previously upheld a grant of a Rule 50 motion dismissing a case where the plaintiff used the defendants' credit cards to make purchases as part of his duties but did not produce sufficient evidence that, when using the credit cards, "he corresponded with merchants outside the state . . . using the mail, phone, or fax . . . ." *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1267 (11th Cir. 2006). The Court stated that "[the plaintiff's] testimony, stating he believed credit card bills came from [out of state] . . . was not sufficient evidence of engagement in interstate commerce to require submission of the issue to a jury" under the FLSA. *Thorne*, 448 F.3d at 1267. In other words, "the plaintiff was not engaged in commerce because he engaged in no transactions with any out-of-state vendors . . . ." *Gregory v. Quality Removal, Inc.,* No. 14-21480-CIV, 2014 WL 5494448, at *6 n.9 (S.D. Fla. Oct. 30, 2014) (citing *Thorne*, 448 F.3d at 1267).

Here, Defendants state that "the Motel's credit card machine was antiquated and difficult to use. The credit card machine also required a pin code, which the Motel declined to share with Plaintiffs." (Doc. 23, p. 5). Yet, Plaintiffs declare that they "processed credit and debit card transactions for guests" (Docs. 35-36; 38, p. 6) without pointing to any evidence or making any further arguments. Plaintiffs do not argue that the credit card machine did not require a code or

that they had or are still in possession of the code. Plaintiffs also do not state how processing of credit card transactions involved them with out-of-state vendors. Even assuming that Plaintiffs did process credit card transactions and that this required interaction with out-of-state credit card vendors, Plaintiffs still fail to argue how this constituted a substantial part of their duties beyond the conclusory statement that they "frequently and regularly" worked at the front desk (Doc. 38, p. 2). "Plaintiffs, as the non-moving party, . . . must direct the court's attention to specific evidence upon which they seek to rely in order to withstand summary judgment." *McWilliams v. Dialog EMS, Inc.,* No. 106-CV-02001, 2007 WL 1725320, at *4 (N.D. Ohio June 13, 2007). The Magistrate Judge finds that they fail to do so.

Therefore, the Magistrate Judge finds an absence of any dispute as to whether Plaintiffs' front desk activities qualify them as engaged in commerce under the FLSA; the activities as alleged do not.

## IV. RECOMMENDATION

For the reasons explained above, the Magistrate Judge **RECOMMENDS** that Defendants' motion for summary judgment (Doc. 20) be **GRANTED**.

Under Rule 72(b), FED. R. CIV. P., the parties have fourteen (14) days, after being served with a copy of this R&R to serve and file written objections to the findings and recommendation proposed herein. A party shall respond to the objecting party's objections to this R&R within fourteen (14) days after being served with a copy thereof. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 *reh'g denied*, 474 U.S. 1111 (1986); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

**ENTERED** this 12th day of March, 2015.

/s/ Joe B. Brown_____
Joe B. Brown
United States Magistrate Judge